TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING








NO. 03-09-00061-CR






Barry Dean Garrett, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 63208, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 We have previously granted appellant's motion for rehearing and withdrawn our
opinion and judgment dated November 10, 2009. The following is now substituted in its place. 

 A jury convicted appellant Barry Dean Garrett of the offense of aggravated assault
on a public servant with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (West Supp. 2008). 
The district court, after finding true four enhancement paragraphs alleging prior convictions,
assessed punishment at life imprisonment.

 The jury heard evidence that, on the night of May 10, 2008, Garrett attacked
Gary Smith, a police sergeant with the City of Temple Police Department. Smith testified that
while he was on patrol he encountered a person walking in the middle of the road. The person, later
identified as Garrett, was wearing a pair of shorts and no shirt. Smith initiated contact with Garrett,
who appeared agitated and proceeded to yell and scream at Smith. Smith eventually succeeded in
getting Garrett to calm down and had him sit on the curb while Smith called dispatch and requested
a background check. Smith then discovered that Garrett had an outstanding warrant. At this point,
Smith testified, he called for backup.

 While Smith was doing so, Garrett again became agitated and began asking Smith
if he could leave. Smith, who now believed that Garrett was either intoxicated or under the influence
of a controlled substance, refused to let Garrett leave and tried to grab his arm. According to Smith,
Garrett responded by swinging and flailing his arms. Smith testified that he backed away from
Garrett and walked toward his patrol car to request that backup arrive quickly. Garrett followed
Smith to the car, "balled up his fist" and "started to charge" at Smith. Smith "took that as a fight
stance," so he responded by using his pepper spray on Garrett. Smith explained that Garrett then
"put his head down, put his hand up, and started charging at me with his fists clinched."

 A struggle between Garrett and Smith ensued. At some point during the struggle,
Garrett "took off running," and Smith started running after him. During the chase, Smith testified,
Garrett approached a wood pile, picked up a board of wood, turned around, and swung the board at
Smith. The board hit Smith in his left arm, causing Smith to lose his balance and fall to the ground,
dislocating his shoulder in the process. Garrett then approached Smith with another, larger board
of wood and began swinging it at Smith, hitting him "several times" in his upper body and on the
top of his head. While Garrett continued to beat Smith with the board, Smith was on the ground
on his back. Unable to use his arms to defend himself, he tried to fend off Garrett by kicking him,
to no avail.

 Eventually, a car pulled up and the driver began honking his horn. This caused
Garrett to stop hitting Smith and walk away. Smith got up, again called for backup, and then
attempted to follow Garrett on foot so that he would not escape. Garrett eventually stopped walking,
turned around, and raised the board as if to strike Smith again. Before he could do so, however,
other police officers arrived and arrested Garrett.

 After Smith testified, the State called other witnesses to the assault who testified
consistent with the foregoing recitation of facts. Other police officers who responded to Smith's
call for backup also testified, as did the detective who investigated the assault. This detective
characterized the board used by Garrett in the assault as a deadly weapon.

 In his defense, Garrett called the police officer who transported Garrett to jail. This
officer testified that Garrett was transported to jail "without incident." Finally, Garrett testified. He
claimed that it was not his intention to hurt Smith and that he was only defending himself from
Smith's "aggressive tactic" in "attacking" him with the pepper spray.

 Garrett's court-appointed attorney has filed a motion to withdraw supported by a
brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S.
75, 109 S. Ct. 346 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Garrett received a copy of counsel's
brief and has submitted a written response and a supplemental response objecting to counsel's
motion to withdraw and asserting reasons why he does not believe the appeal is frivolous. 

 We have reviewed the record, counsel's brief, and Garrett's written responses and
find no reversible error. See Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); Bledsoe
v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal
is frivolous and without merit. We find nothing in the record that might arguably support the appeal. 
Counsel's motion to withdraw is granted.

 The judgment of conviction is affirmed.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton 

Affirmed on Motion for Rehearing

Filed: May 21, 2010

Do Not Publish